**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**FRY FOODS, INC., Respondent.**

**No. 79–1210.**

United States Court of Appeals, Sixth Circuit.

Argued Oct. 3, 1979.

Decided Nov. 13, 1979.

Elliott Moore, Deputy Associate Gen. Counsel, John Elligers, Supervisor, Joseph Oertel, National Labor Relations Board, Washington, D. C., Bernard Levine, Director, Region 8, N.L.R.B., Cleveland, Ohio, for petitioner.

Robert Affeldt, Sylvania, Ohio, Michael B. Lange, Tiffan, Ohio, for respondent.

Before EDWARDS, Chief Judge, CELEBREZZE, Circuit Judge, and CECIL, Senior Circuit Judge.

PER CURIAM.

The National Labor Relations Board seeks enforcement of remedial orders entered by it after finding that Fry Foods, Inc. had violated the National Labor Relations Act by violating Sections 8(a)(1), (2), (3), (4) and (5). Briefly put, our examination of this record shows one of the most obvious examples of an employer's complete defiance of the National Labor Relations Act which has come before this court in recent years. The findings of fact by the Administrative Law Judge held that the company had violated the NLRA in the following ways:

By failing and refusing to meet and bargain with the United Steelworkers of America, AFL–CIO; by unilaterally instituting or enforcing new terms and conditions of employment in the bargaining unit set forth in Conclusion of Law Number 3, including a newly enforced policy of discharging employees who had been absent on sick leave for more than three days without notifying the Respondent, establishing job standard for packing onions, instituting a program of progressive discipline including written warnings for job-related infractions, refusing to grant in-plant transfers to employees whose health required such transfers, unilaterally instituting a new rule prohibiting talking, and unilaterally imposing a no-solicitation rule; by refusing to furnish the United Steelworkers of America, AFL–CIO, requested data relating to grievances and to wages, hours and terms and conditions of employment in the bargaining unit, and by refusing to furnish such data in a timely manner; by altering the composition of the bargaining unit and diminishing job opportunities within the unit by promoting unit employees to supervisory positions while continuing to allow them to do bargaining unit work; and by unilaterally granting a wage increase to bargaining unit personnel without notifying and bargaining with the Union, the Respondent herein violated Section 8(a)(5) of the Act.

By discharging and suspending Rowena Gannon, by suspending and later discharging Barbara Kay Fortney Tong, and by suspending Mattie Taylor and reducing her status and her wages, because said employees gave testimony under the Act, the Respondent herein violated Section 8(a)(4) of the Act.

By discharging thirty employees named in Paragraph 31 of the Amended Order Consolidating Cases, Amended Consolidated Complaint and Notice of Consolidated Hearing, on April 20, 1977, because said employees engaged in an unfair labor practice strike; by discharging on other dates Rowena Gannon, Barbara Kay Fortney Tong, Mary Jane Bodi, Tina Shetzer, Wanda Depinet, and Susan Neikirk because they engaged in union activities; and by demoting Mattie Taylor because she engaged in union activities; and by suspending Rowena Gannon, Wanda Depinet, Barbara Kay Fortney Tong, Youlanda Phelps and Doris Kubis because they engaged in union activities, the Respondent violated Section 8(a)(3) of the Act.

By dominating an employee group known as the Committee, the Respondent violated Section 8(a)(2) of the Act.

By the acts and conduct set forth above in Conclusions of Law 5, 6, 7 and 9; by coercively interrogating employees concerning their union sentiments; by creating among employees the impression that their union activities were subject to company surveillance; by threatening to close the plant and threatening to fire employees if the union won the election; by soliciting employee grievances and promising to grant wage increases and improvements in fringe benefits if the employees rejected the union; by stating that the Respondent would not bargain with the Union even if it won the election; by telling employees that it would be four years before a union which was already certified would come into the plant; by threatening to replace unfair labor practice strikers if they did not return to work; by stating that they would like to do physical harm to union supporters or threatening such harm; by assaulting an employee by automobile while said employee was engaging in union activities; by harassing employees through instituting new work rules relating to dress, talking, resting while working, intensified surveillance and written reports of minor on-the-job activities of employees, refusing to rotate job assignments, and selecting union supporters for the most onerous tasks in the plant; by requesting supervisors to harass employees and to goad them into cursing them; by issuing large numbers of disciplinary warnings by telling employees not to speak to returning strikers; by requesting a job applicant to engage in surveillance of the union activities of the employees, the Respondent herein violated Section 8(a)(1) of the Act.

Our review of this record indicates that there is more than substantial evidence to support the Board's adoption of these findings and its remedial orders. We recognize, of course, that there is conflicting evidence upon which the company relies on most of these issues, all of which were argued both by brief and oral argument with vigor and vehemence by respondent's counsel. Nonetheless, we find more than substantial evidence on this record considered as a whole to support the findings of fact of the ALJ and the Board.

 The same observation may be made in relation to the claim urged by respondent that one, Rowena Gannon, had coerced employees into joining the union while acting as a supervisor. Again we find the findings of fact of the ALJ and the Board holding that Gannon was not a supervisor, to be supported by substantial evidence on the whole record.

The respondent also argues belatedly that the election which the union had won by a relatively narrow margin should be invalidated because the company found that a supervisor named Jacki Franklin had been a supporter of the union and had coercively influenced employees to vote for the union. On this issue the ALJ ruled, as did the Board, that respondent had failed to present evidence on this question at the representation hearing and subsequent thereto had failed to object to certification or appeal the results of the election in timely fashion. He also held that respondent had not carried his burden of proving that the evidence on this score was not available during the time when the filing of objections would have been timely. Our review of this record convinces us that the ALJ and the Board have made no error in interpretation of the statute as to this issue.

Finally we have reviewed the record pertaining to respondent's claims of illegal picket line violence on the part of its employees during the strike and have noted the evidential disputes which are set out in full in the ALJ's findings and opinion. Again his resolution of these issues is supported by substantial evidence on the whole record, and we find no mandate or reason for setting them aside. *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951).

Enforcement of the Board's remedial orders is granted in full.